UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MERIMA OSMANOVIC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-CV-00679-NCC |
| FRANK BISIGNANO,[1] Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Frank Bisignano, Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Merima Osmanovic ("Plaintiff") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and 42 U.S.C. §§ 1381, *et seq*. Plaintiff has filed a brief in support of the Complaint (Doc. 18), and Defendant has filed a brief in support of the Commissioner's Decision (Doc. 22). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 5).

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted, therefore, for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

On December 1, 2017, Plaintiff protectively filed her applications for DIB and SSI (Tr. 190-202).  Plaintiff was initially denied on April 11, 2018, and she filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 111-18).  After a hearing, by decision dated September 20, 2019, the ALJ found Plaintiff not disabled (Tr. 11-20).  On March 30, 2020, the Appeals Council denied Plaintiff's request for review (Tr. 1-4).

The decision was appealed to this Court.  *See* 4:20-CV-627-SNLJ; Tr. 639-64.  In that action, the decision of the Commissioner was reversed, and the case was remanded for further consideration (Tr. 639-64).  Upon remand, after a second hearing, by decision dated January 18, 2024, the ALJ again found Plaintiff not disabled (Tr. 540-63).  Plaintiff has exhausted all administrative remedies, and the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018, and that Plaintiff has not engaged in substantial gainful activity since January 1, 2017, the alleged onset date (Tr. 545-46).  The ALJ found Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, mild degenerative scoliosis of the spine, headache syndrome, post-traumatic stress disorder ("PTSD"), and a depressive disorder, but that no impairment or combination of impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 546).  After careful consideration of the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could never climb ladders, ropes, or scaffolds but could

2

occasionally climb ramps and stairs; she could occasionally stoop and crouch; she may not be exposed to excessive vibration, and she must not be exposed to unprotected heights or working in proximity to moving mechanical parts; her work was further limited to simple, routine, repetitive tasks, with only occasional, simple work-related decisions required in an environment with minimal changes in work setting or duties; she cannot be subjected to fast-paced production requirements, such as assembly-line type work; her job must not have required public interaction and must involve no more than occasional contact with co-workers, with no tandem tasks required (Tr. 548).  The ALJ found that Plaintiff was 48 years old on the alleged onset date; Plaintiff has at least a high school education; and transferability of job skills is not an issue because the Plaintiff's past relevant work was unskilled (Tr. 555).  The ALJ found that during the relevant period, Plaintiff was capable of performing her past relevant work as a day worker, as that work did not require the performance of work-related activities precluded by her RFC (*id*).  The ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed during the relevant period, including bakery worker, laundry folder, and housecleaner (Tr. 556).  Thus, the ALJ concluded that Plaintiff has not been under a disability from January 1, 2017 through June 3, 2020[2] (*id*.).

### III.  LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled.  20 C.F.R. §§ 416.920, 404.1529.  "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is

---

[2] The Court notes that Plaintiff was found disabled as of June 4, 2020, after filing a subsequent claim for SSI, and the time period relevant to the ALJ's decision and this decision is, therefore, January 1, 2017 through June 3, 2020, the day prior to Plaintiff being awarded SSI under a subsequent application for benefits (Tr. 543, 667).

3

determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)).  In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b).  Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c).  The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id*.  "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations.  20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history.  *Id*.

Fourth, the impairment must prevent the claimant from doing past relevant work.  20 C.F.R. §§ 416.920(f), 404.1520(f).  The burden rests with the claimant at this fourth step to establish his or her RFC.  *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled.").  The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past.  20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work.  20 C.F.R. §§ 416.920(g), 404.1520(g).  At this fifth step of the sequential analysis, the

4

Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3.

If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *see also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite

5

conclusion or because the reviewing court would have decided differently.  *Krogmeier*, 294 F.3d at 1022.

## IV.  DISCUSSION

The Court accepts the facts as set forth in the parties' respective statements of fact and responses.  The Court will cite to specific portions of the transcript as needed to address the parties' arguments.  In her appeal of the Commissioner's decision, Plaintiff raises three issues (Doc. 18).  First, Plaintiff argues the ALJ failed to properly evaluate Plaintiff's reports of pain (*id*. at 3-4).  Second, Plaintiff argues that the ALJ improperly evaluated medical opinion evidence (*id.* at 4-9).  Third, Plaintiff argues the RFC did not accommodate for Plaintiff's headaches (*id*. at 9-11).  The Commissioner responds that substantial evidence supported the ALJ's evaluation of Plaintiff's subjective complaints in formulating the RFC, the ALJ properly considered the medical opinions and prior administrative psychological findings, and the RFC accounted for limitations from headaches (Doc. 22).  Because the Court agrees that the ALJ erred in evaluating medical opinion evidence, the Court will decide that issue alone.

For claims like Plaintiff's, filed after March 27, 2017, an ALJ evaluates medical opinions pursuant to 20 C.F.R. § 404.1520c.  These new rules provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources."  20 C.F.R. § 404.1520c(a).  Rather, an ALJ is to evaluate the persuasiveness of any opinion or prior administrative medical finding by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of

6

treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors.  20 C.F.R. § 404.1520c(c).

In evaluating the persuasiveness of a medical opinion, the factors of supportability and consistency are the most important for an ALJ to consider, and the ALJ must "explain how [she] considered the supportability and consistency factors … in [the] determination or decision."  20 C.F.R. § 404.1520c(b)(2).  The SSA describes supportability and consistency as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520(c)(1)-(2), 416.920(c)(1)-(2).

An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal.  *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (unpublished) (per curiam) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)).  ALJs need not explain in their decision how they considered the other factors.  20 C.F.R. § 404.1520c(b)(2).

Moreover, "[n]o matter the adequacy of the ALJ's general summary of the evidence of record, she nevertheless [must] abide by the Regulation's mandate to 'explain' the supportability [and consistency] of [a medical] opinion in view of such evidence."  *Martini v. Kijakazi*, No. 4:20 CV 1711 CDP, 2022 WL 705528, at *5 (E.D. Mo. Mar. 9, 2022); *see also Pipkins v.*

7

*Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination).  The Regulation requires "more than a conclusory statement as to the supportability and consistency factors so a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions." *Hirner v. Saul*, No. 2:21-CV-38 SRW, 2022 WL 3153720, at \*9 (E.D. Mo. Aug. 8, 2022); *see also Pipkins*, 2022 WL 218898, at \*4 ("Because the ALJ's cursory statement neither articulates the persuasiveness of [the doctor's] opinion nor explains the supportability or consistency factors in evaluating the opinion, it runs afoul of the Regulations.").

Plaintiff challenges the ALJ's evaluation of the opinions of consultative examiner Dr. Mark Lysne, Ph.D., treating physician Dr. Rebecca Rada, D.O., and medical expert Dr. Jeffrey Andert, M.D. (Doc. 18 at 7-9).  Plaintiff also challenges the ALJ's evaluation of the opinions of state agency medical consultant Dr. Kevin Threlkheld, M.D., and state agency psychological consultants Dr. Larry Kravitz, Psy.D. and Dr. Paul Midden, Ph.D. (*id*. at 5-7).  After careful review of the ALJ's opinion, it is apparent that the ALJ erred in evaluating the opinions of Dr. Threlkheld, Dr. Kravitz, and Dr. Midden, requiring remand.  Accordingly, the Court will limit its analysis to the ALJ's evaluations of these opinions.  *See, e.g., Hirner*, 2022 WL 3153720, at \*10.

Plaintiff asserts the ALJ failed to evaluate the supportability of the opinion of state agency medical consultant, Dr. Threlkheld, which the ALJ found generally persuasive (Doc. 18 at 7).  The ALJ's only discussion regarding Dr. Threlkheld's prior administrative medical findings is as follows:

> Kevin Threlkheld, M.D., evaluated the claimant's medical history for the Agency in April 2018 (Exhibits 5A/10-12, 6A/10-12). He limited her to a restricted range

8

>of light-duty work activity, with occasional climbing of ladders, ropes, scaffolds, ramps and stairs, occasional stooping and crawling and avoidance of even moderate exposure to hazards. Dr. Threlkheld's opinion is generally persuasive since it is consistent with the medical evidence showing claimant's gait to be consistently normal throughout the treatment notes (Exhibits 8F/26, 9F/2, 17, 11F/20, 23, 37, 14F/14, 17, 27). However, I have included limitations slightly more restrictive than those suggested by Dr. Threlkheld to account for pain the claimant may have experienced in the workplace during the relevant period.

(Tr. 554).

The ALJ entirely failed to address the supportability of Dr. Threlkheld's opinion, requiring remand. *Bonnett*, 859 F. App'x. at 20 (citing *Lucus*, 960 F.3d at 1069-70). The Commissioner's argument that the ALJ addressed supportability by merely noting that Dr. Threlkheld "evaluated Plaintiff's medical history for the agency in April 2018," is unavailing, as this bare statement does not address whether and to what extent the opinion was supported. *See Hirner*, 2022 WL 3153720, at *8 (holding that the regulatory requirements that the ALJ explain supportability are not satisfied by the ALJ's recognition that an opinion was based on the evaluation of Plaintiff's medical history, finding the ALJ erred in analyzing the persuasiveness of the opinion, and ultimately remanding the case).

A similar error is found in the ALJ's analysis of the persuasiveness of Dr. Kravitz's opinion. The ALJ determined his opinion was somewhat persuasive because it was "generally supported by the claimant's essentially normal mental status examinations before, during and after the relevant period." Tr. 553. Although the ALJ uses the word "supported," the ALJ does not actually articulate supportability, including whether or not Dr. Kravitz considered certain evidence or provided a detailed explanation for his opinion. *See Starman v. Kijakazi*, 2021 WL 4459720, at *4 (E.D. Mo. Sept. 29, 2021) (listing cases)). In other words, the ALJ did not explain the degree to which objective medical evidence considered by the physician and the physician's explanations support the medical opinions expressed. *See Martini*, 2022 WL

9

705528, at *5 (An "ALJ's sprinkling of the words 'support' and 'consistent' in her cursory treatment of [medical] opinions is insufficient to satisfy the Regulation's requirement that the ALJ 'explain' how she considered these factors in determining the persuasiveness of a medical opinion."). The Regulation requires "more than a conclusory statement as to the supportability and consistency factors so a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions." *Hirner*, 2022 WL 3153720, at *9.

Likewise, with respect to Dr. Midden, the ALJ found his opinion "unpersuasive since his opinion is not adequately supported by the medical evidence and it is inconsistent with Dr. Andert's testimony indicating that the claimant's mental impairments are severe but not debilitating." Tr. 553-54. The ALJ's generic statement that Dr. Midden's opinion is not supported by the medical evidence does not adequately address supportability. *See Lucus*, 960 F.3d at 1069 (quoting *Walker v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 550, 554 (8th Cir. 2018)) ("[W]hile an ALJ's explanation need not be exhaustive, boilerplate or 'blanket statement[s]' will not do.").

The Commissioner argues that any opinion evaluation error is harmless. In *Bonnett*, however, "[t]he Eight Circuit Court of Appeals . . . held that the failure to comply with the relevant regulations is legal error" warranting remand. *Violet G. v. Kijakazi*, No. 21-CV-2105 (TNL), 2023 WL 2696594, at *6 (D. Minn. Mar. 29, 2023). Further, "[c]ourts in this District, the Eighth Circuit, and elsewhere have similarly concluded that the failure to address or adequately explain either the supportability or consistency factors (or both) when evaluating the persuasiveness of a medical opinion warrants remand. *Id.* (listing cases and remanding the case despite the Commissioner's argument that any error resulting from the ALJ's failure to

10

adequately address supportability and consistency was harmless).  This aligns with the well-settled principle "that an agency's action must be upheld, if at all, on the basis that was articulated by the agency itself, and that it cannot be sustained on the basis of post-hoc rationalizations of appellate counsel."  *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 715 n.7 (8th Cir. 1979); *see also Bonnett*, 859 F. App'x at 20.  Because the ALJ failed to address supportability in relation to these opinions, the Court is unable to say the ALJ's ultimate determination is supported by substantial evidence.  *See Hirner*, 2022 WL 3153720, at *10 ("The Court finds that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly evaluate the opinion evidence within the record.").

The Court finds that the ALJ erred in analyzing the persuasiveness of Dr. Threlkheld's, Dr. Kravitz's and Dr. Midden's opinions.  On remand, the ALJ must fully evaluate and explain the supportability and consistency of all medical opinion evidence in accordance with 20 C.F.R. § 404.1520c.  Because remand is required for revaluation of opinion evidence, the Court will not address Plaintiff's remaining arguments.  *See, e.g., Hirner*, 2022 WL 3153720, at *10.

## V.  CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly evaluate opinion evidence within the record.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 29th day of September, 2025.

                        /s/ Noelle C. Collins
                        NOELLE C. COLLINS
                        UNITED STATES MAGISTRATE JUDGE